## SUPREME COURT—IN BANCO.

JOSEPH FALLON *vs.* HENRY ROBINSON AND J. S. WALKER, ASSIGNEES.

WHERE it is stipulated in a mortgage of personal property, that the mortgager shall remain in possession until breach of the condition, and if before such breach the mortgager is declared bankrupt, the mortgagee has a right to immediate possession of the mortgaged property, provided always that the mortgage is valid.

A *failure* under the Law of Bankruptcy of 1848 defined to be a refusal or inability to make payment of just demands for ten days after maturity, whereupon the party may be declared bankrupt.

Where a person had committed acts of bankruptcy more than ten days previous to being declared a bankrupt: Held, that any transfer of property then made (except upon a good consideration to a *bona fide* purchaser, having no notice of such insolvency or failure) is void by the statute, and the property must pass to the assignees for the benefit of all the creditors.

Justice ROBERTSON delivered the decision of the Court as follows:

Henry Turton, a hotel-keeper at Lahaina, was declared bankrupt, as of the 28th of April, 1859, the date of the filing of the petition in bankruptcy. Nine days previous, on the 19th of April, he mortgaged all his property, consisting chiefly of the furniture of his house, to Joseph Fallon, the plaintiff, to secure the payment of a promissory note for $421 75, in favor of plain-

tiff, and also to secure the plaintiff for becoming with Turton a party to a promissory note for $200 50, made to B. F. Bolles, for a debt due to him from Turton.

The defendants are the assignees of Henry Turton, and have got in their possession the goods and chattels mortgaged to the plaintiff by Turton, as above stated; and the plaintiff has brought this action of replevin to compel the defendants to deliver said goods and chattels to him, under his mortgage.

Several points of considerable interest were raised by counsel, in the course of their argument, but it is only necessary, we think, to advert to some of them.

It is contended on the part of the defendants, that even admitting the mortgage to be valid, the plaintiff was not entitled, either at law or in equity, to the possession of the mortgaged chattels, on the 6th of October last, when he commenced this suit; because default had not then been made in the payment of plaintiff's debt, which was not due until the 19th of November, and the mortgage contains a stipulation permitting Turton to retain possession of and use the mortgaged chattels until such default shall be made.

The mortgage, if it is valid, and was duly recorded according to law, was a conveyance to the plaintiff of the title in the chattels mortgaged, upon condition, and would have become an absolute interest at law upon the failure of Turton to pay the debt secured by the mortgage when it fell due. The mortgage passed the property to Fallon, subject to the condition, without actual delivery, and he was entitled to the immediate possession, at any time, but for the stipulation by which he agreed that Turton should retain possession until default.

It cannot, of course, be contended that, under no circumstances whatever, could the mortgagee take possession of the property mortgaged, before default in the payment of the debt; for there are various events, upon the happening of which, the mortgagee might claim possession. In the case of Hardy vs. Ruggles et als., decided in this Court in the year 1856, it was held that the mortgagee had a right to proceed at once for possession, because the mortgagers had attempted to transfer the whole of their stock in trade to other creditors, (the same being mortgaged to the plaintiff,) although the mortgage contained a

Jos. Fallon *v.* Henry Robinson and J. S. Walker.

stipulation permitting the mortgagers to retain possession until default, with the right to sell in the usual course of trade.

In the case of Russell *vs.* Butterfield (21 Wendell's Rep., p. 300), the mortgage contained a stipulation that the property should remain in the possession of the mortgager, but in case of default in payment, or in case of any attempt to remove or dispose of the property, on the part of the mortgager, the mortgagee to have a right to seize it, wherever it may be, and to sell and convert the same into money, and appropriate the proceeds to the payment of his debt, paying over the surplus, if any, to the mortgager. It was held, in that case, that upon the removal of the property into another county, by the mortgager, the mortgagee might maintain an action of replevin, although the time of payment of the mortgage moneys had not yet arrived.

In the case of Welch *vs.* Whittemore (25 Maine Rep., p. 86), the mortgage stipulated that the mortgager should retain possession of the property until default, with the condition (which is also contained in the mortgage now before us) that, if the property should be attached at any time before payment, by any other creditor of the mortgager, then it should be lawful for the mortgagee to take immediate possession of the property. It was held in that case that the mortgagee might maintain trespass against an officer for attaching and carrying away such mortgaged property, in a suit against the mortgager.

In the case of Ballune *vs.* Wallace (cited in U. S. Digest, vol. 7, p. 372, sec. 155) the Court held that " a stipulation in a mortgage of personal property, that the mortgager shall remain in possession until the breach of the condition is personal to the mortgager, and cannot be assigned or transferred. The mortgagee is not, therefore, precluded from bringing trover for the property, before breach of the condition, against a purchaser from the mortgager."

The doctrine of these cases seems to us reasonable, and is applicable, we think, to the case before us. Turton was declared bankrupt, and his property and affairs passed, pursuant to the statute, into the hands of assignees. But the only interest in the chattels mortgaged to Fallon, which passed to the assignees of Turton, was the right to redeem them by paying

off Fallon's claim ; or to receive the balance of proceeds, if any remained, for the benefit of creditors, upon a sale of the chattels and payment of that claim.  We think, therefore, that upon Turton being declared bankrupt, Fallon had a right to take immediate possession of the mortgaged property, if his mortgage was valid.

The most important question in the case, and one which must prove decisive, is that as to the validity of the mortgage, which is contested on the part of the defendants.

Section 1, of "An Act relating to Bankruptcy," passed in the year 1848, under which proceedings were had in this case, provides : " That every person owing debts to the amount of two thousand dollars, who shall refuse or fail to make payment of any of his just demands for ten days after they shall have matured, and been presented for payment to him or to his agent ; or who shall depart the Kingdom with the intent to defraud or delay his creditors ; or secrete himself, or keep his house to avoid his creditors, or the service of legal process for the collection of any debts ; or make any fraudulent conveyance of his property to a friend or secret trustee, or make any secret removal or other disposition of his property for the purpose of delaying or defrauding any creditor, may, upon petition to the Chief Justice of the Superior (Supreme) Court, by any one creditor to the amount of five hundred dollars, or by any two or more creditors, the sum of whose debts shall amount to one thousand dollars, be declared bankrupt."

Section 19, of the same Act, provides that " The bankrupt shall be divested of all title and interest in his property from the day of his failure (except the necessary clothing of himself and family and such other necessaries, not to exceed the value of three hundred dollars, as the Commissioners may designate) and every assignment, conveyance or transfer of his property by him after he shall have become insolvent or committed an act of bankruptcy, except upon a good consideration to a *bona fide* purchaser, having no notice of such insolvency or bankruptcy, shall be void, and the property so transferred may be recovered and disposed of by the assignees for the creditors."

It is contended by counsel for the defendants that, under a fair construction of the statute, and on the facts of the case as

Jos. Fallon *v.* Henry Robinson and J. S. Walker.

they appear in evidence, the mortgage to the plaintiff must be declared void, as against the creditors, because Turton was known to the plaintiff to be insolvent at the time the mortgage was made, and had, in fact, committed acts of bankruptcy.

It is argued, on the part of the plaintiff, that there can be no *failure* by a debtor, within the meaning of the statute, until he has been declared a bankrupt, and that the words *bankrupt* and *insolvent,* as used in the nineteenth section of the Act, are synonymous terms. This, we think, is not the proper construction. And when the question is asked, what is a failure within the meaning of the statute? it may be answered so as to meet the present case, by quoting the opening sentence of the first section of the Act of 1848. Whenever any person, owing debts to the amount of two thousand dollars, shall refuse or fail to make payment of his just demands, for ten days after the same shall have matured and been presented for payment to him or to his agent, he has *failed* within the meaning of the law, so that he may, upon petition, be declared bankrupt. If his failure results from his not having the means to pay his debts, he is then *insolvent,* but not *bankrupt* until so declared by competent authority. A person may be insolvent for any length of time and yet not bankrupt, within the meaning of the statute ; and so a person may be declared bankrupt who is not in fact insolvent.

It is contended that, as the mortgage was given nine days previous to the date as of which Turton was declared bankrupt, and that having been made upon a good consideration, for the purpose of carrying him through his embarrassment, it ought to be sustained. But it is clear, from the evidence before us, that Turton was insolvent when the mortgage was given, and that he had failed to pay several debts which were overdue and had been demanded, among which was his debt to the plaintiff himself. He had made the failure to pay his just debts, upon which he was shortly after declared bankrupt. And although he was declared bankrupt as of the 28th of April, he was in fact insolvent and had committed acts of bankruptcy more than ten days previous to that date. So that any transfer of his property then made, except upon a good consideration to a *bona fide* purchaser, having no notice of such insolvency, or failure,

is void by the statute ; and the property must pass to the as-signees, for the benefit of all the creditors. The result of mak-ing a, mortgage of all his property to secure his debt to Fallon, could not be to obviate his embarrassment, but rather to bring it to a crisis, by alarming his other creditors. The plaintiff, as appears from the testimony, was well acquainted with the in-solvency of Turton, and his failure to pay his debts. And yet, he took from him an assignment of all his property, to secure the debts due to himself and B. F. Bolles, to the exclusion of the other creditors. This was clearly at variance with the pol-icy of the bankruptcy laws, whose leading principle is equality among creditors. In order to attain and preserve that equality, the bankrupt's estate, as soon as an act of bankruptcy is com-mitted, becomes a common fund for the payment of his debts, and he loses the character and power of a proprietor over it. He can no longer give preferences among his creditors, and the race of diligence between them is wholly interrupted. (Kent's Com., vol. 2, p. 470 ; Statute Laws, 1848, p. 54, sections 19 and 20.)

It is true, as has been argued, that the mortgage and other documents connected with the transaction between Turton and Fallon bear upon their face some of what are usually regarded as " badges of fraud ; " but they are all such as are open to ex-planation, and might be consistent with a *bona fide* transaction. In this case, however, the *scienter* which invalidates a convey-ance made under such circumstances as the present, is so clearly brought home to the mortgagee that we are constrained, in jus-tice to the other creditors, to declare the mortgage void.

Let judgment be entered in favor of the defendants, as of the last day of the term.

Mr. Bates for plaintiff.

Mr. Harris for defendants.